IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NASIR ELLIOTT | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 13-1944 |
| MICHAEL ZAKEN, *et. al.* | : |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                               **April 22, 2024**

Petitioner Nasir Elliott filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 which was referred to Judge Hey on December 21, 2021 for preparation of a Report and Recommendation ("R&R").  In her R & R, Judge Hey recommended denial of Elliott's petition in its entirety, and Elliot now objects. Because the Court finds Judge Hey's reasoning and conclusions to be correct, the Report and Recommendation will be approved and adopted.

**BACKGROUND**

On February 28, 2003, Elliot pled guilty to murder generally, criminal conspiracy and related weapons offenses in the Philadelphia Court of Common Pleas for shooting Ramon Jiminez in the back after Jiminez had beaten him in a fist fight. The degree of Elliot's guilt was for the assigned judge, Benjamin Lerner to determine, and he found Elliot guilty of first degree murder, along with the other offenses. Although Elliot sought to withdraw his guilty plea prior to sentencing, Judge Lerner denied his motion and sentenced him to life imprisonment. Elliot's sentence was affirmed on direct appeal, and Elliot thereafter filed a petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 U.S.C. § 9541, *et. seq.* on June 24, 2005 claiming ineffective assistance of counsel. The PCRA petition was dismissed on March 27, 2006 but it was

1

later remanded by the Pennsylvania Superior Court for an evidentiary hearing on Elliot's ineffective assistance claims regarding his counsel's and the trial court's failure to review the nature and elements of the offenses and factual basis for Elliot's plea during the guilty plea colloquy. Following the hearing, Judge Lerner again denied Elliot's PCRA petition, the denial was upheld by the Superior Court, and Elliot's petition for allowance of appeal was denied by the Pennsylvania Supreme Court.

On April 11, 2013, Elliot filed the instant petition asserting his counsel was ineffective for failing to challenge the guilty plea colloquy and ensuring he entered a knowing and voluntary plea to murder generally. Elliot was subsequently granted leave to amend this petition to include a claim based on *Miller v. Alabama*, 567 U.S. 460 (2012), which was also the foundation for Elliot's second PCRA petition filed on July 18, 2012. These habeas proceedings were stayed while Elliot exhausted the *Miller* claim. Ultimately, Philadelphia CCP Judge Minehart granted the PCRA petition and resentenced Elliot to 22 years-to-life. Still dissatisfied, Elliot again appealed but Judge Minehart's ruling was ultimately affirmed by the Pennsylvania appellate courts. Following exhaustion of Elliot's state court appeals, the stay of proceedings on this habeas petition was lifted on November 4, 2022. Judge Hey subsequently issued her Report and Recommendation on November 21, 2023, to which Elliot filed timely objections on April 5, 2024.

**DISCUSSION**

Elliot first objects to Judge Hey's finding that he was not prejudiced by his counsel's failure to properly advise him of the elements of first and third degree murder. Second, Elliott argues Judge Hey erred in concluding he failed to show prejudice from his counsel's failure to inform him a first degree murder conviction could result in a life sentence without parole.

2

Under 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*; *see also* Fed. R. Civ. P. 72(b)(3). To prevail on a claim that defense counsel was ineffective, a petitioner must show first, that "counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed by the Sixth Amendment;" and second, that this "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

In this case, Judge Hey concluded counsel's failure to properly advise Elliott of the elements of first and third degree murder *did* constitute a deficient performance but did *not* ultimately prejudice him. To establish prejudice under *Strickland* in the context of a plea, a petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). Elliot insists he tried to withdraw his plea within two months of his plea agreement because he did not understand the elements of the crimes to which he pled, and states he testified on PCRA he would not have pled guilty if he thought he could be found guilty of first-degree murder. N.T. 10/19/09 at 67. The state courts found Elliott's testimony lacked credibility. *Commonwealth v. Elliott*, CP-51-CR-0907231- 2002, Opinion, at 4-5 (Phila. C.C.P. July 9, 2010); *Commonwealth v. Elliott,* No. 1235 EDA 2006, Memorandum, at 14-15 (Pa. Super. July 11, 2008).

Under 28 U.S.C. § 2254(d), a petition for a writ of habeas corpus filed by a person in custody pursuant to a State court judgment "shall not be granted" unless the State court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an

3

unreasonable application of, clearly established federal law, as determined by the Supreme Court . . .; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. "A state court decision is contrary to Supreme Court precedent under § 2254(d)(1) where the state court reached a 'conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005) (quoting, *inter alia*, *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). And a state court decision is an unreasonable application under § 2254(d)(1) if the court "identifies the correct governing legal rule from the Supreme Court's cases, but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedents to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*. (quoting, *inter alia, Williams*, 529 U.S. at 407).

In recommending denial of Elliot's habeas petition, Judge Hey determined that the state courts made "a reasonable determination of the facts in light of the plea colloquies." R&R, 22. In both his oral and written plea colloquies, Elliot stated he was not promised anything in exchange for his plea. N.T. 2/28/02 at 6-7. But in his objections, Elliott now argues the relevant question is what his trial counsel told him, "not what the Commonwealth promised." Pet'r's Objections, 7. Elliot, however, fails to say what his trial counsel promised, and therefore fails to show why the credibility determinations of the state courts and Judge Hey should be disregarded. He thus fails to make the threshold showing that the state courts' conclusion was contrary to or involved an unreasonable application of clearly established federal law, or was based on an unreasonable

4

determination of the facts in light of the evidence presented. Accordingly, this Court discerns no error in Judge Hey's findings.

This Court also finds Judge Hey properly applied the § 2254(d) deferential standards and *Strickland* to find that Elliott failed to establish prejudice insofar as he did not show that had it not been for his counsel's error, he would not have pled guilty and would have insisted on going to trial. Instead, the record here shows Elliot knew when he entered the plea agreement it was possible Judge Lerner could find he had the specific intent to kill and that he could be found guilty of first-degree murder. N.T. 2/28/03 at 4-5. N.T. 10/19/09 at 49-51. Despite this knowledge, Elliot still pled guilty.

Elliott's second objection regarding his counsel's failure to inform him a first degree murder conviction could result in a sentence of life without parole is also meritless. The record reflects that Elliot never said he misunderstood the sentence for first-degree murder or that he ever sought to withdraw his plea on that basis. *See* N.T. 4/29/03 at 6. He also did not raise this issue in his direct appeal. *Commonwealth v. Elliott*, CP-51-CR-0907231-2002, Concise Statement of Matters Complained of on Appeal (Phila. C.C.P. Sept. 9, 2003). Elliott similarly offers no reasons to disregard the PCRA Court's credibility determinations and assessment of counsel's performance on this issue. Because this Court finds Judge Hey gave careful and thorough consideration to each of Elliott's ineffective assistance of counsel claims, and her analysis and conclusion that Elliott failed to establish deficient performance and prejudice on either is correct, the R & R is approved and adopted. *See* R&R, 24-25.

An appropriate Order follows.

BY THE COURT:

/s/   Juan R. Sánchez
_____
Juan R. Sánchez,            J.

BY THE COURT:

/s/   Juan R. Sánchez
_____
Juan R. Sánchez,            J.